## MITCHELL & als. v. HOLDERNESS.

Under the act of July, 1855, remodelling the judiciary, all matters pending in the Common Pleas relative to highways and requiring a reference, must be referred to the county commissioners, unless there be some special statute to the contrary.

PETITION for a highway in the towns of Holderness and Bridgewater, across the Pemigewassett river.

This case was referred to the road commissioners for Grafton county, at the May term of the Court of Common Pleas, 1852. All parties were duly notified, and a hearing was appointed at Holderness, June 23, 1852, at which time and place the respective parties met, and the hearing was adjourned from time to time until August, 1853, when the hearing was closed and the highway prayed for decided to be laid out.

The highway, at its western terminus in Bridgewater, is situated very near the line of the town of Plymouth; and evidence was offered at the hearing, tending to show that Plymouth would be considerably benefitted by its construction. The chairman of the board was a resident of Plymouth, having become such after

Mitchell *v.* Holderness.

the first hearing, and before August, 1853, when the hearing was closed. Prior to the commencement of the hearing in August, 1853, the town of Holderness objected to the chairman sitting in the case, because he then resided in Plymouth, a town in the vicinity of Holderness, and, as was alleged, would be greatly benefitted by the road prayed for, and liable by statute to contribute to its construction.

But as Plymouth had not been notified, and was not a party to this hearing, the objection was overruled.

After the hearing was closed, and the commissioners had made known their decision to lay out the road, the towns of Holderness and Bridgewater submitted the following notice in writing to the board, to wit. : " The towns of Holderness and Bridgewater now move the road commissioners for the county of Grafton, to whom was referred the petition of George W. Mitchell and others for a highway in said towns, and who have laid out the same over Pemigewassett river, within said towns, that the town of Plymouth be ordered by you to contribute a proportion of the expenses of erecting the bridge and highway aforesaid. Said towns of Holderness and Bridgewater allege that the whole burden of building said highway and bridge is greater than they ought to bear, and that said town of Plymouth would be greatly benefited by said highway and bridge."

But inasmuch as the chairman was resident in Plymouth, and incompetent to act in issuing any notice to Plymouth, or sitting upon any hearing in which that town might be a party, the above motion was not entertained, but the questions were saved and transferred for the consideration of the Superior Court.

The Superior Court, at the December term, A. D. 1854, certified to the Court of Common Pleas an order that a commissioner might be appointed as a substitute for the said chairman of the board.

At the May term of the Court of Common Pleas, A. D. 1855, a commissioner was appointed in place of said chairman, in pursuance of said order, and the report was recommitted. The matter was continued until the January term, A. D. 1856,

Mitchell *v.* Holderness.

of the Common Pleas, when it was made to appear that Abel Lowe, Jr., of Lebanon, who had been a member of the board of road commissioners, originally elected for the year 1852, which board had reported in favor of the laying out of said highway as aforesaid, had, in the month of October, A. D. 1855, removed from said county and from said State, and had ceased to be a citizen thereof; whereupon the petitioners submitted a motion that the office of road commissioner, held as aforesaid by Abel Lowe, Jr., who was originally elected a member of said board for the year 1852, be declared vacant, and that a commissioner be appointed to fill the vacancy occasioned by the removal of Lowe as aforesaid, according to law. This motion was overruled, and to that ruling the petitioners excepted; and it was ordered that the questions arising upon said last mentioned motion be transferred and assigned to the Supreme Judicial Court for their determination; either party to have the privilege of referring in argument to the past record and proceedings upon said petition.

*Hibbard,* for the petitioners.

The motion is based upon secs. 11 and 12, chap. 22, Comp. Stat. The question pending as to the liability of Plymouth is to be determined by the old board, under sec. 8, chap. 54, Comp. Statutes. The proceeding is still uncompleted.

It can make no difference as to the effect of the former decision in this case that there the vacancy was occasioned by one of the commissioners becoming interested; sec. 6, p. 138, Comp. Statutes; Act of 1853, chap. 1422, Pamphlet Laws; while here it was occasioned by the removal of one of them. In both cases the vacancy is to be filled in substantially the same manner.

Nor is this case affected by the act of 1855, remodeling the judiciary. However it would be otherwise, the saving clause in the thirty-seventh section prevents its operation here. 1 Burr. 474; 6 Dane 30; *Loker* v. *Brookline,* 13 Pick. 342–8; *Haynes* v. *Jenks,* 2 Pick. 173–7; *Snell* v. *Bridgewater Manufacturing Co.,* 24 Pick. 296, 297, 298.

*Quincy,* for the towns.

The duties of laying out and apportioning the expenses constitute one entire and inseparable proceeding, to be performed by the same men. The statute contemplates but one report laying out the road and apportioning the damages. If the duties are separable, there must be several distinct reports to be signed by the persons acting as to the separate parts. One person cannot sanction by his report a proceeding in which he was not consulted.

If the duties of laying out and apportioning damages are separable, then the laying out having been completed, there is no unfinished business before the board of 1852; no vacancy in their board to be filled.

The Comp. Statutes, secs. 10, 11, give power only to fill a vacancy for the current year, and no power to fill a vacancy in the board of 1852, whose term of office expired at the term when their successors were qualified.

By the act remodeling the judiciary, approved July 14, 1855, all the power of the board of commissioners, to whom was referred the original petition, were revoked, and the proceedings which were unfinished could not be completed.

EASTMAN, J. The ruling in this case was made at the January term of the Common Pleas, 1856, before the judiciary act of 1855 had taken full effect by the election of county commissioners, and its correctness must therefore be tested by the law as it then stood.

By sec. 1, chap. 20, Rev. Stat., provision is made for the choice of three road commissioners annually for each county, and also for the choice of other county officers. Comp. Stat., chap. 21, sec. 1.

The tenth section of the same chapter provides that any such officer may be removed from office by the justices of the Court of Common Pleas of the county, for official misconduct, and the office declared vacant. And that if any person chosen or appointed to either of said offices declines to accept, removes from

the county, resigns, dies, or becomes insane, said justices shall declare the office vacant. And section eleven provides, that in any case of vacancy said justices shall appoint a commissioner, who shall be sworn, and shall perform all the duties, be subject to all the requirements and liabilities, and be entitled to all the privileges and emoluments of such vacant office.

It is also provided by sec. 8, chap. 50, Rev. Stat., that the road commissioners shall continue in office, as to all proceedings commenced or pending before them, until the same shall be completed, unless the court, for good cause shown, shall refer the same to the road commissioners for the time being.

In *Palmer* v. *Conway*, 2 Foster 144, it was held that where a vacancy exists in a board of road commissioners, there is no authority in the remaining members to discharge the duties entrusted to the board. That decision was placed upon the ground that there was no necessity for holding that two commissioners might act in case of a vacancy, as the various statutes provided for the filling of vacancies in all cases. *Woods*, J., who delivered the opinion of the court in that case, after examining the several statutes upon the subject, says that ample provision is made for filling any and all vacancies that may occur during the pendency of any proceeding before any board.

So far as the constitution of the board of road commissioners is to be regarded, that case was parallel with the present; both boards being composed of one commissioner, elected by the people, and one appointed by the court. And although the point there decided was unlike the one presented here, still the decision may be regarded as an authority for the appointment of a commissioner to fill the vacancy, agreeably to the motion of the petitioners.

This petition was regularly referred to the board of road commissioners in 1852. They obtained jurisdiction of the case and proceeded to act; but before completing their proceedings, one of their number became interested, and another was appointed to take his place. This it has been decided could be legally done. *Mitchell* v. *Holderness*, 9 Foster 523 ; and that board, under the

section of the statute which we have cited, were to continue in office till the proceedings commenced or pending before them should be completed.

Before, however, the board as thus constituted had completed their proceedings in the case, Mr. Lowe, one of the board originally elected, removed from the county and the State ; and upon the motion of the petitioners that the office be declared vacant and a substitute appointed, the court below refused to proceed and make the appointment. And we think the ruling was wrong. The two remaining commissioners were legally authorized to act in the premises in connection with the other before his removal, as much so as if they had both been chosen at an annual election. The appointment of the third by the court was made in pursuance of the statute, and his commission was as valid to the extent to which it went as that of his associates. And Mr. Lowe, having removed from the State while unfinished business was pending before the board, it became the duty of the Common Pleas to pronounce the office vacant, and to fill the vacancy under the statute.

Since, however, that ruling was made, a board of county commissioners have been chosen under the act of 1855, to whom we think this case should be referred. That act would seem to contemplate that all matters before the court, relating to highways, which require a reference, shall be referred to the county commissioners, unless there shall be found some provision of the statute otherwise controlling the reference. And it was held at the recent session in Rockingham that a report of road commissioners to which valid exceptions were taken, should be committed to the county commissioners, instead of being recommitted to the former board.

Should an appointment now be made so as to fill up the board of 1852, only one of the number would have any knowledge of the case, and a full investigation of the merits would necessarily have to be had. We do not understand that because a board of road commissioners have decided to lay out a road, and then proceed to investigate the question whether adjoining towns shall

defray a part of the expense, that they may not on further investigation reconsider their original intention to lay the road. The statute contemplates but one report and judgment in establishing a highway ; and until that report is made to the court for their action, the commissioners may change it if they think proper. Until the report is made and accepted, and judgment entered thereon, the road is not laid out so as to become a highway established by law.

In the present case the court have never accepted any report. The board of 1852 proceeded to investigate the subject so far as to decide that in their judgment the road should be laid out ; but on further consideration that decision might have been changed by them before making their report. This it would have been perfectly competent for them to do ; and to whatever board the case may now be referred, the whole subject must of necessity be under their control.

The ruling of the court was wrong, but the case must be committed to the county commissioners.